UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON EDGERTON, on behalf of himself
and others similarly situated,

    Plaintiff,

v.                                                       Case No:   2:17-cv-661-FtM-29MRM

ADVANCED DISPOSAL SERVICES,
INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court are the parties' Joint Motion to Approve the Parties' Settlement (Doc. 21) and the Settlement Agreement (Doc. 21-1) filed on February 28, 2018. Plaintiff Aaron Edgerton, Opt-In Plaintiff Jeffrey Wedding, and Defendant Advanced Disposal Services, Inc. or Advanced Disposal Services Solid Waste Southeast, Inc. ("Advanced Disposal")[1] request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. After consideration of the parties' submissions, the Undersigned recommends that the Court enter an Order approving the settlement and dismiss this case with prejudice.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] The Court notes that the parties included in their Joint Motion that "Plaintiffs mis-identify their employer as Advanced Disposal Services, Inc. The correct entity has been named in Defendant's Corporate Disclosure statement, and the motion herein reflect[s] the rights of the correct Defendant, as well as the named Defendant." (Doc. 21 at 1 n.1). Thus, for the purposes of this Report and Recommendation, the Court refers to Defendant as "Advanced Disposal" and intends that it include both Advanced Disposal Service, Inc. and Advanced Disposal Services Solid Waste Southeast, Inc.

pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354

Plaintiff Edgerton asserts that on or about April 28, 2016, Advanced Disposal hired him to work as a non-exempt driver. (Doc. 1 at 3 ¶ 16). Mr. Edgerton claims that Advanced Disposal miscalculated the overtime rate and automatically deducted a lunch break resulting in unpaid wages, including overtime. (*Id.* at ¶ 17). Thus, Mr. Edgerton asserts that at various times, he worked in excess of forty (40) hours in a single workweek and was not properly paid for this time. (*Id.* at ¶¶ 18, 19). Opt-In Plaintiff Wedding filed a Consent to Joint Collective Action. (Doc. 9-1). Mr. Wedding claims that he is or was an employee of Advanced Disposal.

(*Id.* at 1). He consented to "the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid wages, liquidated damages, attorney's fees, costs and any other relief) against the defendants." (*Id.*).

Advanced Disposal denies that Plaintiff and/or Opt-In Plaintiff are entitled to the amounts claimed in this action. (Doc. 21 at 3). Thus, even though a *bona fide* dispute exists between the parties and the parties arguably were eventually headed to arbitration, the parties decided to settle this matter. (*Id.*). Advanced Disposal agrees to pay Mr. Edgerton $950.00 in damages and $950.00 in liquidated damages; and agrees to pay Mr. Wedding $1,000.00 in damages and $1,000.00 in liquidated damages. (Doc. 21-1 at 3 ¶¶ 2(a)-(d). Upon review of the Settlement Agreement (Doc. 21-1), the Court determines that the terms of the Settlement Agreement are reasonable.

Advanced Disposal also agrees to pay $5,400.00 in attorney's fees and costs. (Doc. 21-1 at 3 ¶ 2(e). The amount of attorney's fees and costs were agreed upon separately, and without regard to the amount paid to Plaintiff and Opt-In Plaintiff. (Doc. 21 at 3-4). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable

>on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* In the instant case, a settlement was reached, and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff and Opt-In Plaintiff. The Settlement Agreement (Doc. 21-1) appears reasonable on its face. Thus, the Court recommends that the Settlement Agreement (Doc. 21-1) be approved.

Finally, in granting Plaintiff's request for leave to proceed *in forma pauperis*, the Court ordered that "[i]f Plaintiff prevails in this action, Plaintiff may be required to reimburse the Court for the costs in this case." (*See* Doc. 6 at 2); M.D. Fla. R. 4.07(b). Upon consideration, the Court also recommends that Plaintiff and Opt-In Plaintiff be directed to reimburse all non-prepaid fees and costs.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Joint Motion to Approve the Parties' Settlement (Doc. 21) be **GRANTED**.

2) The Settlement Agreement (Doc. 21-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) Plaintiff and Opt-In Plaintiff be directed to reimburse all non-prepaid fees and costs.

4) If the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 2, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties